JACKSON PERRY, Plaintiff in Error, *v.* THE PEOPLE, Defendants in Error.

ERROR TO THE RECORDER'S COURT OF THE CITY OF CHICAGO.

Criminal cases from the Recorder's Court for the city of Chicago, must be removed by writ of error, and the writ must emanate from the Supreme Court.

THE motion made in this case will be found stated in the opinion of the court.

W. WALLACE, R. S. BLACKWELL, and H. F. WAITE, for the motion.

P. BALLINGALL and A. VOSS, contrà.

TREAT, C. J. Perry was convicted in the Recorder's Court of the city of Chicago, of an assault with intent to commit murder, and sentenced to be imprisoned in the penitentiary for the term of four years. He then sued out a writ of error from this court, which the counsel for the People now moves to dismiss, on the ground that a writ of error does not lie in such a case. The 11th section of the act establishing the Recorder's Court reads thus: "Appeals may be taken from said court to the circuit court of Cook county in all cases, in the same man-

ner that appeals may be taken to the supreme court; and upon such appeals cases may be assigned, and the like proceedings had as upon assignments of error in the supreme court." This section is not broad enough to embrace cases like the present. It is restricted in its operation to cases in which appeals may be prosecuted from the circuit courts to the supreme court. Such is the full scope and design of the section. It makes no provision for cases in which appeals cannot be taken, but leaves them to be governed by the general provisions of the statute. It prescribes no mode for removing this class of cases into a superior court, and they are consequently to be reviewed in the way provided by the general law. An appeal cannot be presented in a criminal case, and the only mode in which it can be reviewed is by writ of error. The statute declares that " writs of error in all criminal cases not capital, shall be considered as writs of right and issue of course." The act in question does not authorize a writ of error to issue out of the circuit court, and as a matter of necessity it must emanate from this court.

The motion is denied.

*Motion denied.*